# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

MAGGIE MAY VINCENT,

    Debtor.

Case No. 11-16434-RGM
(Chapter 13)

## MEMORANDUM OPINION

THIS CASE is before the court on the debtor's objection to Proof of Claim 4 filed by Wells Fargo Financial National Bank.  Wells Fargo asserts that its claim is a secured claim.  The debtor objected to the classification of the claim as a secured claim, but not as to the amount of the claim.

## Facts

The debt arose from a contract between the debtor and Window World for the installation of siding and windows for her home which was financed by Wells Fargo.[1]  The siding cost $12,638 and the windows, $1,357.  In order to finance the purchase, the debtor opened a new credit card account with Wells Fargo.  There are two documents involved.  One is the purchase order with Window World.  It provides:

> SECURITY INTEREST.  Where applicable, you give us a purchase-money security interest in goods, described in this charge slip.  We will not claim a security interest or other lien (except judgement liens) in your principal dwelling.  You agree that any

---

[1] The transaction was a single integrated transaction evidenced by two documents, a credit card application and a purchase order.  Window World sold and installed the materials.  Wells Fargo financed the transaction.  The credit card application is titled "Window World Visa Credit Card Account Application".  However, both documents refer to Wells Fargo Financial National Bank, the purchase order with the notation at the bottom of "Original - Wells Fargo Financial National Bank" and the credit card application with the option of mailing the application to "Wells Fargo National Bank, c/o Central Processing" in Des Moines, Iowa.

1

> property described in this charge slip will remain personal property and will not become a fixture even if attached to real property.

The other document is the Credit Card Account Application. It also contains a term relating to security interests which states:

> To the extent permitted by applicable law, you hereby grant to us and we are retaining a purchase money security interest under the Uniform Commercial Code in the merchandise purchased on your account using your regular or special HOME PROJECTS subaccounts until such merchandise is paid for in full. You agree to assist us in executing any documents necessary to perfect our security interest.

## **Discussion**

Wells Fargo asserts a lien under the Uniform Commercial Code with respect to the items. The parties focused on whether the siding and windows were fixtures and cited several cases that are instructive under Virginia law as to what constitutes a fixture.[2] Wells Fargo relies heavily on those aspects of the cases that hold that the parties' intention controls and the provision in the purchase order that the siding and windows will "remain person property and will not become a fixture even if attached to real property". It argues that this is a clear manifestation that the siding and windows were to remain personal property and that a UCC lien attached to them.

There are two threshold questions to resolve before the intent of the parties is considered. The first threshold is whether a lien arose under the terms of the agreement. The purchase order expressly stated that a lien would not arise in "your principal dwelling" . The credit card application requested the debtor's home address.  It is the same address given in the purchase order as the

---

[2]*See Taco Bell of Am., Inc. v. Commonwealth Transp. Comm'r of Va.,* 282 Va. 127, 710 S.E.2d 478 (2011); *Danville Holding Corp. v. Clement*, 178 Va. 223, 16 S.E.2d 345 (1941); *In re Dalebout,* 454 B.R. 158 (Bankr.D.Kan. 2011); *In re Adkins,* 444 B.R. 374 (Bankr. N.D.Ohio 2011); *In re Williams,* 381 B.R. 742 (Bankr.W.D.Ark. 2008); *In re Alterman*, 127 B.R. 356 (Bankr.E.D.Va. 1991); *In re Shelton*, 35 B.R. 505 (Bankr.E.D.Va. 1983).

address at which the siding and windows were to be installed. The address is also the debtor's address on the petition in this case. The court finds that the siding and windows were installed on the debtor's principal dwelling.

The security interest provision in the purchase order is inconsistent with the security interest provision in the credit card application. The documents are part of the same transaction and were apparently sent to Wells Fargo. They must be read together. The purchase order controls because its security interest provision is specific in excluding any materials installed on the debtor's principal residence from the scope of the security agreement while the application is general. The court concludes that the terms of the agreement with Wells Fargo exclude the creation of a lien on the debtor's principal residence.

Even if the application were to control, the second threshold must be met, that is, whether a lien may arise under the Uniform Commercial Code as to the siding and windows. The applicable provision of the Code of Virginia (1950) is §8.9A-334(a). It states:

> A security interest under this title may be created in goods that are fixtures or may continue in goods that become fixtures. A security interest does not exist under this title in ordinary building materials incorporated into an improvement on land.

The question is whether the siding and windows are "ordinary building materials". It is not contested that they were incorporated into the house.

Official Comment 3 to §8.9A-334(a) addresses this matter. It states:

> Certain goods that are the subject of personal-property (chattel) financing become so affixed or otherwise so related to real property that they become part of the real property. These goods are called "fixtures." . . . Some fixtures retain their personal property nature: A security interest under this article may be created in fixtures and may continue in goods that become fixtures. See subsection (a). However, if the goods are ordinary building materials incorporated into an improvement on land, no security interest in them exists. Rather, the priority of

3

claims to the building materials are determined by the law governing claims to real property. . . .

Thus, this section recognizes three categories of goods: (1) Those that retain their chattel character entirely and are not part of the real property; (2) ordinary building materials that have become an integral part of the real property and cannot retain their chattel character for purposes of finance; and (3) an intermediate class that has become real property for certain purposes, but as to which chattel financing may be preserved.

The items in this case, siding and windows, are ordinary building materials that have become part of the real property and do not retain their chattel character. Ordinary building materials are the materials from which houses are built. They include, for example, wooden and metal studs, rafters and joists, pipes and duct work, and nails and screws. Some building materials are pre-assembled at a factory such as framed doors, windows, stairs, and roof trusses. Whether the items are assembled onsite at the home under construction or offsite at a factory, they constitute building materials. The building materials may be subject to a lien as personal property before they are incorporated into the structure, but they lose their character as separate chattels once they are incorporated into the structure.

In this case, the siding and windows were incorporated into the debtor's home. They became a part of the real estate and lost their separate identity. They are not subject to Article 8.9A of the Code of Virginia, Secured Transactions. This does not mean that a creditor cannot obtain a lien. A material supplier is entitled to claim a mechanic's lien against the real property subject to the restrictions contained in the Virginia Mechanic's Lien law. *See* Va.Code (1950) §43-1 *et seq.* Alternatively, the homeowner may grant the supplier a deed of trust on the real property. What is not possible is to obtain a lien under Title 8.9 of the Code of Virginia in ordinary building materials that have been incorporated into the building.

## Conclusion

The objection will be sustained. The proof of claim will be allowed in the full amount claimed as an unsecured claim.

    Alexandria, Virginia
    March 1, 2012

                                      /s/ Robert G. Mayer
                                      Robert G. Mayer
                                      United States Bankruptcy Judge

Copy electronically to:

Martin C. Conway
Matthew D. Huebschman
Thomas P. Gorman

17551